NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>NATIONAL POOL CONSTRUCTION, INC., et al,<br><br>Debtor, | Chapter 11<br>Case No. 09-34394 (KCF)<br><br>Civil Action No. 3:13-cv-2667 (JAP) |
| SCOTT C. PYFER, LIQUIDATING TRUSTEE<br>FOR NATIONAL POOL CONSTRUCTION, INC.<br>LIQUIDATING TRUST,<br><br>Appellant/Plaintiff,<br><br>v.<br><br>AMERICAN MANAGEMENT SERVICES, INC.,<br><br>Appellee/Defendant. | On appeal from March 13, 2013<br>Order of Bankruptcy Court for the<br>District of New Jersey<br><br>Adversary Proc. No. 11-2385 (KCF)<br><br>**OPINION** |

PISANO, District Judge

This matter comes before the Court on the appeal of Scott C. Pyfer, Liquidating Trustee (the "Trustee") for National Pool Construction, Inc. ("NPC"), from the Order of the Honorable Katherine C. Ferguson of the United States Bankruptcy Court, District of New Jersey, entered on March 13, 2013, granting summary judgment in favor of American Management Services, Inc. ("AMS"). For the reasons set forth below, the decision of the Bankruptcy Court is AFFIRMED.

1

## I. BACKGROUND

### A. Factual and Procedural History

The background of this dispute has been set forth in detail before the Bankruptcy Court. Accordingly, the Court sets forth only those facts that are relevant to this appeal.[1] The following facts are undisputed by the parties.[2]

AMS is a management consulting services company that specializes in strategic management and profitability programs for small and medium-sized businesses. AMS works with their clients to identify and implement changes aimed at improving cash flow and profits. The business relationship between AMS and NPC began when AMS performed a "business survey" for NPC, during which an AMS analyst evaluated NPC's processes and financials and identified areas where profits could be increased and losses minimized.

After the business survey was conducted, NPC and AMS entered into a consulting agreement (the "Agreement") on October 19, 2005. Pursuant to the Agreement, a team of AMS consultants began working for NPC. From October 19, 2005 to August 25, 2006, AMS consultants worked 1,293.75 cumulative hours identifying and helping to solve NPC's "business problems." NPC was billed monthly by AMS for services rendered, and pursuant to the agreement between the parties, NPC made periodic progress payments to AMS in the amount of $5,500.00. At no time did NPC complain about the services performed or the amount billed by AMS.

On August 25, 2006, NPC informed AMS that it was terminating the Agreement and ending the business relationship between the parties. Upon notice of termination, AMS did not

---

[1] All facts in this background statement can be found in the Brief in Support of American Management Services Inc.'s Motion for Summary Judgment, the Opposition to the Motion for Summary Judgment, Appellant's Opening Brief, and Appellee's Reply Brief.
[2] Pursuant to Local Civil Rule 56.1(a), AMS' statement of material facts not in dispute, as to which the Trustee filed no objection and counter statement, are deemed undisputed for the purposes of this review.

demand immediate payment of all due invoices as provided for the in the Agreement and continued to perform services for NPC until December 2006. AMS never received payment from NPC for outstanding invoices in the amount of $18,965.67.

On September 16, 2009, NPC filed a voluntary petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey, and the Trustee commenced an action against AMS to avoid and recover transfers in the amount of $492,500.00, alleging that the transfers were constructively fraudulent. The Bankruptcy Court entered an initial pre-trial scheduling order ("Initial PT Order") on January 27, 2012, which provided for all discovery to be completed by June 29, 2012, and for all dispositive motions to be filed by August 20, 2012. Pursuant to the Initial PT Order, AMS filed its first motion for summary judgment on August 20, 2012, which was voluntarily withdrawn on October 1, 2012. The Bankruptcy Court entered an amended pre-trial order (the "Amended Order") on September 24, 2012, which provided for all discovery to be completed by December 5, 2012, and for all dispositive motions to be filed no later than February 15, 2013.

On February 15, 2013, pursuant to the Amended Order, AMS filed a second motion for summary judgment (the "Motion"). In support of the Motion, AMS filed with the Bankruptcy Court: (1) the Affidavit of Louis M. Mosca; (2) relevant exhibits; (3) a brief in support of the motion; (4) a Statement of Material Facts; and (5) a proposed form of order for the Motion. On February 19, 2013, AMS filed a certificate of service certifying that the Motion had been served. The Notice of Motion set oral argument in front of the Bankruptcy Court on March 12, 2013. The Trustee filed a brief in opposition to the Motion ("the Opposition") on March 11, 2013 at 5:11 p.m., in violation of Local Bankruptcy Rule 9013-1(d)(1), which provides that "[a]ll

answering papers and cross-motions shall be filed and served at least 7 days before the return date."

The Opposition does not dispute any of the facts asserted by AMS in the support of the Motion, and contains no citations to legal authority or legal argument. Instead of addressing the facts underlying the fraudulent transfer claim set forth by AMS in the Motion, the Opposition argues that the Motion was "improper" because AMS had not yet designed an expert witness or deposed NPC's expert witness, as allegedly agreed to in the Amended Order.

**B. Ruling of the Bankruptcy Court**

The Bankruptcy Court held oral argument on the Motion on March 12, 2013, and granted summary judgment in favor of AMS. *See* Transcript of Motion Hearing Before the Honorable Katherine C. Ferguson ("Bkr. Tr."). At oral argument, the Trustee acknowledged that the Opposition was untimely filed, but argued that "there was a uniform agreement that there were factual disputes," which precluded AMS from moving for summary judgment. Bkr. Tr. 3:12-24. When the Bankruptcy Court inquired as to why, if there was an alleged agreement between the parties to continue with discovery, the Trustee did not contact AMS and request that the Motion be withdrawn when it was filed on February 15th, the Trustee responded that they "didn't think this was going to be an issue" based on the alleged agreement between the parties to "exchange expert reports." Bkr. Tr. 4:1-25. However, the Trustee agreed that even though the Amended Order "requires an exchange of expert reports," if AMS did not "want to retain an expert that's entirely up to them." Bkr. Tr. 8:14-15.

The Trustee's only assertion of disputed of material fact in front of the Bankruptcy Court is the statement, made without elaboration or factual support, that summary judgment is improper in the present case because there exist "clear issues of material fact that [AMS] raised

in their papers." Bkr. Tr. 8:2-3. The Bankruptcy Court reviewed the Motion "as an uncontested motion" and held that "the proofs submitted [by AMS] . . . establish a reasonably equivalent value defense." Bkr. Tr. 8:22-25. Additionally, the Bankruptcy Court stated that the Opposition was read by the Court, "late filed though [it was]," and it did not "raise a factual dispute." Bkr. Tr. 8:25-9:1-2. Accordingly, summary judgment was entered in favor of AMS.

## II.     JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." In bankruptcy cases, the district court serves an appellate function. Thus, the Court reviews findings of fact under a clearly erroneous standard and legal conclusions under a *de novo* standard. Fed. R. Bankr. P. 8013; *In re Sharon Steel Corp.,* 871 F.2d 1217, 1223 (3d Cir. 1989). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Systems, Inc.,* 327 F.3d 242, 244 (3d Cir. 2003) (citing *U.S. v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Fed. R. Bankr. P. 8013.

For determinations that involve mixed questions of law and fact, a district court must apply a mixed standard of review. *Mellon Bank, N.A. v. Metro Commc'n, Inc.,* 945 F.2d 635, 642 (3d Cir. 1991). The Court must accept the Bankruptcy Court's findings of historical or narrative facts unless clearly erroneous, but exercise "plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts."

5

*Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 103 (3d Cir. 1981). Additionally, the Bankruptcy Court's exercises of discretion are reviewed for abuse thereof. *Kool, Mann, Coffee & Co. v. Coffey,* 300 F.3d 340, 353 (3d Cir. 2002).

Summary judgment is governed by Federal Rule of Civil Procedure 56, and is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Under Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the nonmoving party. *Healy v. N.Y. Life Ins. Co.,* 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

The moving party bears the initial burden of proving that no genuine issue of material fact is in dispute. *Celotex,* 477 U.S. at 323. Whether or not a fact is material is determined according to the substantive law at issue. *Anderson,* 477 U.S. at 248. Once the moving party has carried this burden, the non-moving party must present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.,* not just "some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Its opposition must rest on "facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006).

In establishing whether there is a disputed material fact, "[t]he nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor."

*Hunt v. Cromartie,* 526 U.S. 541, 552 (1999) (quoting *Anderson,* 447 U.S. at 255). The Court shall not "weigh the evidence and determine the truth of the matter," but need only determine whether a genuine issue necessitates a trial. *Anderson,* 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America,* 974 F.2d 1358, 1363 (3d Cir. 1992).

"If the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party." *SEC v. J.W. Barclay & Co., Inc.,* 442 F.3d 834, 840 (3d Cir. 2006) (quotation omitted). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is "appropriate" as required by Rule 56(e). *Id.* With regard to unopposed summary judgment motions, where, as here, the non-moving party bears the burden of proof on the relevant issues, the Court "must determine that the deficiencies in the non-moving party's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law."[3] *Anchorage Assoc. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990). AMS' statement of material facts not in dispute, as to which the Trustee filed no objection and counter statement, are deemed undisputed for the purposes of this review. Thus, the Court must determine whether AMS is entitled to judgment as a matter of law.

## III. DISCUSSION

Appellant neither filed an appropriate response nor requested an extension of time in which to do so. In light of the Trustee's failure to respond to AMS' motion for summary judgment, the Court sees no reason to disturb the Order entered by the Bankruptcy Court. *See*

---

[3] The party challenging a transfer as fraudulent under 11 U.S.C. § 548 bears the burden of proving every element of a voidable transfer by a preponderance of the evidence. *Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors of R.M.L. (In re R.M.L.),* 92 F.3d 139, 144 (3d Cir. 1996).

*Casey v. Nat. Elec. Benefit Fund,* 80 Fed. Appx. 752, 753 (3d Cir. 2003). Nevertheless, for the sake of thoroughness, reaching the merits of the Trustee's argument, the Court would still affirm the ruling of the Bankruptcy Court.

A trustee may avoid any transfer of the debtor's interest in property made within two years of the filing of a bankruptcy petition if the transfer was the result of actual or constructive fraud. 11 U.S.C. § 548. New Jersey's adaptation of the Uniform Fraudulent Transfer Act, N.J.S.A. §§ 25:2-20 to 34, also provides for the avoidance of a fraudulent transfer. The burden rests on the party seeking to recover the transfer to prove that it was fraudulent by a preponderance of the evidence. *Pension Transfer Corp. v. Beneficiaries Under the Third Amendment (In re Fruehauf),* 444 F.3d 203, 211 (3d Cir. 2006).

In the present case, the Trustee does not allege intentional fraud but contends that the transfers were constructively fraudulent because the debtor did not receive reasonably equivalent value in exchange for the transfers. 11 U.S.C. § 548(a)(1)(B); N.J.S.A. § 25:2-25(b); N.J.S.A. § 25:2-27(a). If the Trustee cannot show that there was no reasonably equivalent received, the Court need not consider the remaining elements of the claim. *Id.*

The analysis for determining whether the debtor received reasonably equivalent value is identical under the Bankruptcy Code and New Jersey law. *VFB, LLC v. Campbell Soup Co.,* 482 F.3d 624, 631 (3d Cir. 2007). First, the Court must determine whether the debtor received any value. *In re Fruehauf,* 444 F.3d at 212 (citing *In re R.M.L.,* 92 F.3d at 150). Value can include direct or indirect benefits. *Id.* Furthermore, "[t]he mere 'opportunity' to receive an economic benefit in the future constitutes 'value.'" *Id.* (citing *In re R.M.L.,* 92 F.3d at 148). The transaction is reviewed "at the time the transfer was made." *In re R.M.L.,* 92 F.3d at 153 (citing *Allard v. Flamingo Hilton (In re Chomakos),* 69 F.3d 769, 770-71 (6th Cir. 1995)).

If any value was exchanged, then the Court moves the Third Circuit's "totality of the circumstances" test to determine whether the value received by the debtor was reasonably equivalent to what the debtor paid. *In re Fruehauf,* 444 F.3d at 212-13 (citing *In re R.M.L.,* 92 F.3d at 148-49, 153). The totality of the circumstances test determines: "(1) the 'fair market value' of the benefit received as a result of the transfer, (2) 'the existence of an arm's-length relationship between the debtor and the transferee,' and (3) the transferee's good faith." *Id.*

**A. The Trustee Did Not Dispute the Material Facts Asserted by AMS**

In an effort to contest the Bankruptcy Court's grant of summary judgment, the Trustee claims to dispute some of the facts asserted by AMS. However, just as the Trustee's untimely "Opposition" before the Bankruptcy Court failed to contest any facts asserted by AMS in support of the Motion, these "disputes" fail to identify any disagreements with the facts considered by the Bankruptcy Court in granting summary judgment in favor of AMS. The Trustee's only argument relating to the actual basis of the claim against AMS is that the Affidavit of Louis M. Mosca filed in support of the Motion did not establish a "foundation or other facts regarding Mosca's alleged personal knowledge." Appellant's Opening Brief at 19.

The Trustee again fails to identify any factual dispute precluding a grant of summary judgment in favor of AMS. Instead, the Trustee claims that summary judgment should have been denied because "the parties agreed that disputed issues of material fact precluded entry of summary judgment and that the parties needed additional time for discovery." Appellant's Opening Brief at 7. Therefore, because the Trustee failed to dispute any material fact set forth by AMS in the Motion, the Bankruptcy Court properly held that the facts presented by AMS are undisputed.

Upon review of the undisputed facts, it is clear that AMS has demonstrated that the value received by NPC was reasonably equivalent to what NPC paid to AMS for their consulting services. *See In re Fruehauf,* 444 F.3d at 212-13 (citing *In re R.M.L.,* 92 F.3d at 148-49, 153). First, AMS established that their consulting services were provided to NPC at "fair market value" pursuant to the Agreement negotiated between the parties. AMS presented evidence to the Bankruptcy Court showing that NPC was charged customary hourly rates for such consulting services and billed weekly for services rendered, using invoices that accurately reflected the time AMS consultants devoted to NPC. The consulting services provided by AMS have an ascertainable market value and there is no dispute as to the fact that AMS charged a reasonable amount for the services it performed. Second, AMS demonstrated that the agreement between NPC and AMS was negotiated at an arm's length between the parties and emphasized that NPC was aware of its ability to terminate AMS' services at any time.

Finally, although there is no question that AMS acted in good faith for purposes of the reasonably equivalent value test, AMS established that the transfers were undertaken in good faith. Although the Bankruptcy Code does not define "good faith," in deciding whether the transferee acted in good faith, the Court must examine what the transferee "knew or should have known" to determine whether the transferee had sufficient knowledge to place it on inquiry notice of the voidability of the transfer. *In re Sherman,* 67 F.3d 1348, 1255 (8th Cir. 1995); *see also In re M & L Business Machine Co.,* 84 F.3d 1330, 1335-36 (10th Cir. 1996) (stating that "the presence of any circumstances placing the transferee on inquiry notice as to the financial condition of the transferor may be a contributing factor in depriving the former of any claim to good faith unless investigation actually disclosed no reason to suspect financial embarrassment."). Here, according to the undisputed facts, AMS' consultants increased NPC's

"going concern value," gross profits and ordinary business income during the period of the consulting agreement between the parties. AMS provided weekly invoices for the services it provided and the amount of the invoices was never contested by NPC. AMS reasonably believed it was providing value to NPC in exchange for the standard fees charged and there is no allegation or indication in the record that AMS did not act in good faith.

Accordingly, the Court finds that the undisputed facts set forth by AMS establish that NPC received reasonably equivalent value for the transfers, rendering the allegedly fraudulent transfers exempt from avoidance. Therefore, because no questions of material facts exist, and AMS is entitled to judgment as a matter of law, the Bankruptcy Court properly granted AMS' motion for summary judgment.

### B. The Trustee Raises Disputes That Are Immaterial

The arguments raised by the Trustee have no bearing on the Bankruptcy Court's determination, based on the undisputed facts, that AMS established a defense to the fraudulent transfer claim and was therefore entitled to judgment as a matter of law. The Trustee raises several arguments which incorrectly interpret the Bankruptcy Court's ruling and are aimed at form rather than substance.

First, the Trustee argues that the "Bankruptcy Court erred as a matter of law by failing to apply the correct legal standard to determine the Motion and by failing to adequately state the reasons for granting or denying the Motion on the record as required by Federal Rule of Civil Procedure 56(b)."[4] Appellant's Opening Brief at 13. The Trustee claims that the requirements of Rule 56 were not met when "[t]he Bankruptcy Court merely determined that [AMS] 'made out a prima facie, the proofs submitted make out a prima facie or establish reasonably equivalent value

---

[4] The Trustee's citation to Rule 56(b) is in error. Federal Rule of Procedure 56(a) provides that "[t]he court should state on the record the reasons for granting or denying the motion."

defense.'" Appellant's Opening Brief at 13 (citing Bkr. Tr. 8:23-25). However, the Trustee neglects to acknowledge that the Bankruptcy Court's explanation continues on to state that the Trustee's papers were read by the Court, "late filed though the were" and they "don't raise a factual dispute."

The Bankruptcy Court's holding that AMS established a reasonably equivalent value defense by presenting facts that were undisputed by the Trustee complied with Rule 56's direction that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Bankruptcy Court explained that summary judgment was granted because the Trustee did not dispute any material fact and AMS demonstrated the existence of a an affirmative defense to the claim against them alleging a fraudulent transfer. Therefore, the Bankruptcy Court properly "state[d] on the record the reasons for granting or denying the motion." Fed R. Civ. P. 56(a).

Second, the Trustee claims that the Bankruptcy Court erred by granting the Motion instead of continuing the motion until completion of discovery, thereby violating Federal Rule of Civil Procedure 56(d)(2). Pursuant to Rule 56(d)(2), "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (2) allow time to obtain affidavits or declaration or to take discovery." Fed. R. Civ. P. 56(d)(2).

The Trustee's contention that the Bankruptcy Court "should have denied or continued the Motion . . . and allowed the Liquidating Trustee to proceed with discovery" is without merit. The Trustee did not request a continuation of the Motion or set forth any affidavit or declaration specifying reasons why "facts essential to justify its opposition" could not be presented as

required by Rule 56(d). Instead of bringing any factual dispute to the Bankruptcy Court's attention, the Trustee relied on the alleged existence of "a uniform agreement that there were factual disputes." Bkr. Tr. 3:23-24. Therefore, the Court finds that the Trustee failed to request or justify a continuation of the Motion before the Bankruptcy Court.

Finally, the Trustee contends that the Bankruptcy Court improperly granted the Motion as a sanction. In *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth a balancing test of six factors that a court must consider before it may dismiss a case as a sanction before trial on the merits. *See Poulis,* 747 F.2d at 868. However, the Third Circuit has also held that no "consideration of *Poulis* type factors is required before a court enters a summary judgment motion on an uncontested Rule 56 motion" because "[s]ummary judgment under Rule 56 is not entered as a sanction." *Anchorage,* 922 F.2d at 178.

Here, the Trustee alleges that "the Bankruptcy Court granted the Motion as a punitive action for the late-day filing of Appellant's Opposition" without "properly considering" the *Poulis* factors. According to the Trustee, even though the Opposition was untimely and failed to dispute any relevant material facts, the Motion should not have been treated as unopposed because "the Bankruptcy Court had the benefit of [the Trustee's] Opposition and arguments at the hearing to consider the *Poulis* factors." Appellant's Reply Brief at 9. However, because of the Trustee's failure to file a timely opposition, the Bankruptcy Court reviewed the Motion as uncontested. *See* Bkr. Tr. 8:22-23. Therefore, no consideration of the *Poulis* factors was required.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court granting American Management Services Inc.'s Motion for Summary Judgment is AFFIRMED. An appropriate Order accompanies this Opinion.


Date: December 30, 2013 /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge